JONES, JUDGE:
The claim of Southern Hardware Company in this case against the respondent West Virginia Department of Highways (formerly State Road Commission) is alleged to be sustained by certain facts stipulated by the parties substantially as follows:
In 1967 the respondent constructed a parking lot on land which it owned on the south side of Smith Street in the City of Charleston, adjoining property on the east, the front portion of which was owned by William Pugh and Pugh Furniture Company and the rear or southerly portion of which was owned by Dickinson Company. The claimant owned the land adjoining the Pugh and Dickinson Company lots on the east. For many years prior to the matters complained of in this case surface water draining from a 48-inch concrete culvert under the Penn Central Railroad tracks approximately 70 feet east of the claimant’s property was discharged into a ditch which led in a northwesterly direction through the claimant’s property and the adjoining Pugh and Dickinson Company properties and into a 15-inch drain pipe which, according to a rough plat attached to the stipulation, opened on the Dickinson Company lot and extended westerly through the respondent’s lot to a manhole on land known as the A & P Store property. Robert Agsten, contractor for the A & P Store building, removed the manhole and filled the same during the construction of the parking area for the A & P Store. Some time after the manhole was so eliminated, the respondent constructed its parking lot and in so doing raised the elevation *173 of the rear or southerly portion of the lot approximately five feet, sloping gradually to the level of Smith Street on the north. On January 24, 1968, a heavy rain storm caused water to accumulate on the claimant’s parking lot west of its warehouse and building, covering almost the entire lot and running into the side door and down the elevator shaft of the building, causing damage thereto. On several occasions water standing on the parking lot during freezing conditions caused the black-top to crack and swell and resulted in severe damage to the paved surface of the entire lot. The claimant contends that the filling of the respondent’s lot and the elimination of the manhole on the A & P Store lot are the causes of its damages, as it had experienced no major flooding until after the happening of both of those events. During the investigation of this claim, a test was conducted on the premises in the presence of representatives of all interested parties, which conclusively proved that the 15-inch drain pipe was unobstructed through the entire width of the respondent’s property.
The stipulation further discloses extensive negotiations in an effort to compromise and settle the matters involved. As a result the City of Charleston agreed to and did construct a 10-inch drain from Smith Street to the rear of the claimant’s lot and a catch basin connecting therewith, to catch surface waters running along the drain from the railroad property, at a cost of more than $2,000.00; and Robert Agsten paid the claimant $1,500.00 for one-half of the cost of re-surfacing the parking lot. The respondent persisted in its contention that it was in no way at fault, but did agree that if this Court should find in favor of the claimant, its fair share of the damages would be $1,500.00.
Upon careful consideration of the facts and circumstances set forth in the stipulation, we are unable to find any wrongful conduct on the part of the respondent which would be judicially recognized as negligence in a case such as this between private persons. Such a standard of proof has been set by our Supreme Court of Appeals. State ex rel Vincent v. Gainer, 151 W.Va. 1002 (1967). Further it seems clear to the Court that the direct and proximate cause of the damages sustained by the claimant was the filling and shutting off of *174 the manhole on the A & P property. Conversely, it is our opinion that any change in the flow of surface water by reason of the filling of the respondent’s lot was not a direct and proximate cause of such damages. The 15-inch drain pipe through the respondent’s property was shown not to have been obstructed and the filling of the respondent’s lot in its preparation of the same for parking in no way affected the use of the drain pipe for the purpose for which it was installed and theretofore had been utilized.
Accordingly, the Court is of opinion that a moral obligation of the State has not been sufficiently established in this case, and the claim is disallowed.